JOSEPH W. ERLWEIN, Plaintiff, *v.* WILLIAM H. CANTEY et al., Defendants.

Supreme Court, Special Term, Nassau County, May 4, 1962.

*Mack & Grady* for plaintiff. *Henry M. Myers* for Vera Walls, defendant.

WILLIAM R. BRENNAN, JR., J. This action under article 15 of the Real Property Law is based upon a tax deed and seeks to bar defendants' claims in or to real property. It has been tried following affirmance by the Appellate Division (11 A D 2d 1072) of an order denying plaintiff's motion for summary judgment.

The plaintiff is the purchaser at a tax lien sale in December, 1956, of a number of tax liens including two covered by certifi-

cates Nos. 3049 and 3050 affecting Lots 9 and 10 in Section 35, Block 277 on the Nassau County Land Map. Pursuant to section 5–53.0 of the Nassau County Administrative Code (Code) (L. 1939, ch. 272) and subject to its limitations the Treasurer conveyed the premises to plaintiff by deed dated December 5 and recorded December 18, 1958.

The defendant Vera Walls is an assignee of a judgment obtained by defendant R. W. Wallace, Jr., Inc. (Wallace) against Charles S. Walls, Jr., who became the owner of record of the property on November 16, 1955. The judgment was docketed in the County Clerk's office on December 20, 1957, between the dates of the tax lien sale and of issuance of the Treasurer's deed. The answer in this action of the defendant Charles S. Walls, Jr., the judgment debtor, was stricken in the early stages of this litigation.

At issue is the right of Vera Walls as a judgment creditor (by assignment) to redeem the property from the tax liens. At no time has she or her assignor been given the notice to redeem required to be given to a judgment creditor by section 5–51.0 of the Code. The plaintiff's contention that he was not required to give such notice in this case was urged upon his motion for summary judgment and was not sustained either at Special Term or in the Appellate Division. In disposing of a similar contention made by this plaintiff in connection with a tax lien affecting another parcel and another judgment creditor, Mr. Justice JOHNSON stated: '' The defendant movant is a judgment creditor, whose judgment was duly filed before the plaintiff acquired his deed and who was entitled to notice to redeem (section 5–51.0 (a), Nassau County Administrative Code) before the plaintiff applied to the County Treasurer for the deed. Failing to give such notice permits redemption by the movant or its successor in interest at any time after a deed is obtained ' prior to the expiration of three months from the date of service of such notice ' to satisfy the tax lien or prior to ' the granting of a judgment in the action instituted pursuant to section 5.57.1 of the code.' (section 5.51.0 (g), Nassau County Administrative Code).'' (N. Y. L. J., Feb. 18, 1960, p. 16, col. 4.)

The court also finds that the plaintiff, unsolicited by any of the defendants, paid to the County Clerk an amount sufficient to discharge the judgment of record, the Clerk having marked his records, '' Discharged by payment into Court of $645.66 Nov. 23, 1959.'' The evidence in support of these facts was before the Special Term and the Appellate Division upon plaintiff's motion for summary judgment and their determinations denying his motion necessarily imply that the fact of discharge

16

of the judgment of record is not decisive of the judgment creditor's rights. The right to redeem is a substantive right preserved by the Code provisions which are precise. Involuntary discharge of a lien of record by the holder of the tax lien is not one of the methods prescribed for cutting off the right of redemption. Nor did the tax deed foreclose this right (cf. *Dunkum* v. *Maceck Bldg. Corp.*, 256 N. Y. 275; *Matter of Blatnicky* v. *Ciancimino*, 1 A D 2d 383, affd. 2 N Y 2d 943). In brief, the judgment creditor had an absolute right of redemption prior to delivery of the Treasurer's deed; that right cannot be diminished by the tax sale purchaser except as permitted by the Code. The judgment at bar has not been shown to be defective or outlawed. Whether judgment lienors should have such rights against tax lien purchasers as are now being sustained is a question for legislative determination and such determination is reflected by the provisions of the Code.

There is no need to pass upon the questions of the adequacy of tenders which the defendant sought to make. Apart from the fact of plaintiff's rejection thereof because of his assumed rights, there remains the fact that the judgment creditor has a statutory right of redemption, the limitation period of which has not yet commenced to run.

Accordingly, the complaint is dismissed as to the defendant Vera Walls, with costs to said defendant to be taxed by the Clerk. This constitutes the decision of the court required by section 440 of the Civil Practice Act, and motions upon which decision was reserved at the trial are resolved accordingly.